[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS
On August 19, 1998, the plaintiffs, Mercury Fuel Service, Inc. (Mercury), Devon Realty Partnership (Devon), and Wesson, Inc. (Wesson), filed an appeal of the Waterbury Zoning Board of Appeal's decision to approve an application for special exception filed by Costco Wholesale Corporation (Costco). The plaintiffs allege that the board aggrieved the plaintiffs when it approved an application allowing Costco to develop a gasoline station on property that Costco owned. The plaintiffs allege, inter alia, that the approval of the application was contrary to the zoning ordinances and will result in unwanted traffic increases, unfair competition, a negative environmental impact, and unfair and inequitable administration and enforcement of the city ordinances. CT Page 10478
The Waterbury Zoning Board of Appeals filed a motion to dismiss the administrative appeal on the grounds that the plaintiffs lack standing to bring this appeal, and that the issue of this appeal is moot because the court, Holzberg, J., previously ruled on this issue when it dismissedMercury Fuel Service v. Zoning Board of Appeals, Docket No. 159988, which involved the same parties, issues and property.[1] In that case, the plaintiffs appealed a subsequent decision of the Waterbury Zoning Board of Appeals, where the board granted Costco's revised application for a special exception to build a gas station on the same property. On January 3, 2001, the court, Holzberg, J., granted Costco's motion to dismiss that appeal, stating that the plaintiffs lacked standing to bring the appeal. See Mercury Fuel Service v. Zoning Board of Appeals, Superior Court, Judicial District of Waterbury, Docket No. 159988 (January 3, 2001,Holzberg, J.). Accordingly, the court finds that the approval of the revised application supercedes its action on the initial application which is at issue in this case and renders this appeal moot.
Additionally, with respect to statutory aggrievement, General Statutes § 8-8 requires an appellant to plead and prove aggrievement, and defines an `aggrieved person' as one "owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." Just as in the appeal dismissed by Judge Holzberg, the plaintiffs in this action fail to allege any facts indicating that they were aggrieved parties within the definition dictated by § 8-8. The plaintiffs allege that they own properties in Waterbury, but fail to specify where those properties are or that they are within one hundred feet of the property at issue in this appeal.
Classical aggrievement requires a two-prong test. "[F]irst, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision. . . . Second, the party claiming aggrievement also must demonstrate that its asserted interest has been specially and injuriously affected in a way that is cognizable by law." (Internal quotation marks omitted.) King v. Sultar,253 Conn. 429, 434-35, 754 A.2d 782 (2000) "Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." NewEngland Cable Television Assn., Inc. v. DPUC, 247 Conn. 95, 103,717 A.2d 1276 (1998)
In this appeal, the plaintiffs fail to allege that the board's decision to grant Costco's application affects their specific personal and legal interests. The plaintiffs merely make general allegations that the board's decision causes unfair and illegal competition, will negatively effect the environment and will increase traffic. Because these claims CT Page 10479 are not specific to the plaintiffs' personal and legal interests, but are interests that the general public shares, the plaintiffs have not sufficiently established classical aggrievement. See Mercury Fuel Servicev. Zoning Board of Appeals, Superior Court, Judicial District of Waterbury, Docket No. 159988 (January 3, 2001, Holzberg, J.).
For the foregoing reasons, the action is moot and the plaintiffs do not have standing to bring this appeal. Accordingly, the motion to dismiss is granted.
 ______________________ CHASE T. ROGERS, JUDGE